# In the United States Court of Federal Claims

No. 12-843 T

(Filed July 22, 2013)

```
* * * * * * * * * * * * * * * * * * * *
NEVADA CONTROLS, LLC,            *
                                 *
             Plaintiff,          *
                                 *
      v.                         *
                                 *
THE UNITED STATES,               *
                                 *
             Defendant.          *
* * * * * * * * * * * * * * * * * * * *
```

## ORDER

Now pending before the court is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). Defendant's motion, filed on April 8, 2013, has been fully briefed and is ripe for a decision by the court.  On May 9, 2013, plaintiff, through counsel, filed an opposition to defendant's motion and simultaneously requested leave to amend its *pro se* complaint filed on December 7, 2012.  For the reasons specified below, the court will grant plaintiff leave to amend its complaint and will deny as moot defendant's motion to dismiss.

In its opposition to defendant's motion to dismiss, plaintiff argues, "to the extent that this Court should find that dismissal is appropriate under any claim, the appropriate remedy would be to allow Nevada Controls to amend its complaint, rather than to prevent a party already deprived due to the actions of the Defendant."  Pl.'s Opp'n at 5.  The court deems this request, embedded within plaintiff's opposition to defendant's motion to dismiss, to be a motion to amend plaintiff's complaint.  *See Normandy Apartments, Ltd. v. United States*, 100 Fed. Cl. 247, 259 (2011) (deeming plaintiff's "statements on brief as the equivalent of a motion to amend the subject complaint to raise a takings claim") (citations omitted).

Because the time has passed within which plaintiff would be entitled to amend its complaint as a matter of course under RCFC 15(a)(1), plaintiff may amend its complaint "only with the opposing party's written consent or the court's leave." RCFC 15(a)(2). Under RCFC 15(a)(2), leave to amend is to be freely granted unless it would be unjust to allow amendment at the time the motion to amend is filed. *Id.* ("The court should freely give leave when justice so requires."). The Supreme Court has cautioned that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Likewise, courts in this circuit interpret the rule as favoring amendment, so that a party may have its case tried upon the merits, unless it would be unjust to permit such an amendment at the time the motion to amend is filed. *See, e.g.*, *Intrepid v. Pollock*, 907 F.2d 1125, 1131 (Fed. Cir. 1990) (stating that "Rule 15 must be liberally construed to prevent loss of a claim where justice so requires"); *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403 (Fed. Cir. 1989) (noting that a trial court's discretion to grant or deny leave to amend pleadings "should be exercised liberally to permit such amendments"). "So long as 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Wolfchild v. United States*, 101 Fed. Cl. 54, 64 (2011) (quoting *Foman*, 371 U.S. at 182).[1]

Reasons to deny leave to amend pleadings include "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Mitsui Foods,* 867 F.2d at 1403-04 (quoting *Foman*, 371 U.S. at 182); *see also Henry E. & Nancy Horton Bartels Trust ex rel. Cornell Univ. v. United States*, 88 Fed. Cl. 105, 111 (2009), *aff'd*, 617 F.3d 1357 (Fed. Cir. 2010).

Applying this liberal standard, the court concludes that plaintiff's motion to amend must be granted. First, defendant does not allege – nor does the record suggest – that plaintiff has unduly delayed its motion to amend or that plaintiff's

---

[1]/ This court's rules generally mirror the Federal Rules of Civil Procedure (FRCP), and this court has looked to cases interpreting FRCP 15(a) in interpreting RCFC 15(a). *See Albino v. United States*, 93 Fed. Cl. 405, 410 n.7 (2010); RCFC, 2002 Committee Note at 1 ("[I]nterpretation of the [RCFC] will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure.").

request is motivated by bad faith or dilatory motive.  To the contrary, plaintiff requested leave to amend at its first opportunity to do so – before the issuance of a scheduling order and, presumably, before any discovery had been conducted.

Second, defendant does not allege – nor does the record suggest – that defendant will be prejudiced in any way by the requested amendment.  In determining whether granting a motion to amend would result in undue prejudice to the non-movant, the court must consider whether the amendment would result in a severe disadvantage or inability on the part of the non-movant to present facts or evidence, would create the need for extensive research shortly before trial due to the introduction of new evidence or legal theories, or would result in an excessive delay that is unduly burdensome.  *St. Paul Fire & Marine Ins. Co. v. United States*, 31 Fed. Cl. 151, 153 (1994).  This court has also noted that undue prejudice "may be found when an amended pleading would cause unfair surprise to the opposing party, unreasonably broaden the issues, or require additional discovery."  *Cooke v. United States*, 79 Fed. Cl. 741, 742-43 (2007) (citations omitted).  At this early stage in the litigation, the court can conceive of no manner in which defendant will be disadvantaged as a result of permitting plaintiff to amend its complaint.  The mere fact that defendant might have to prepare another dispositive motion to address plaintiff's amended complaint is an insufficient basis upon which to deny plaintiff's motion to amend.

Third, the court rejects defendant's contention that an amendment to plaintiff's complaint would be futile.  "When futility is asserted as a basis for denying a proposed amendment, courts do not engage in an extensive analysis of the merits of the proposed amendments," but instead "simply decide whether a party's proposed amendment is facially meritless and frivolous."  *St. Paul Fire & Marine*, 31 Fed. Cl. at 155.  This analysis, however, presumes that an actual proposed amended complaint has been proffered in the first instance.  Indeed, in most cases, plaintiff's counsel files a formal motion to amend the complaint, and accompanies that motion with a proposed amended complaint.  Unfortunately, in this instance, plaintiff's counsel has done neither and, thus, an actual proposed amended complaint is unavailable for scrutiny.  Consequently, the court is unable to determine exactly how plaintiff would amend its complaint to rebut the government's assertion of futility.  Despite this shortcoming, the court would be loath to deny plaintiff the opportunity to file an amended complaint in this instance.  Inasmuch as plaintiff initiated this lawsuit *pro se* and its complaint was prepared and filed by a lay person with no legal training, the court does not wish

for plaintiff to be unfairly handicapped as a result thereof. *See Spehr v. United States*, 51 Fed. Cl. 69, 83 (2001) (permitting plaintiff, "[i]n the interest of granting plaintiff the fullest justice possible," to file an amended complaint to assert a new theory of "ineffective discharge" because plaintiff had filed its previous pleadings *pro se* and asserted "ineffective discharge" only after having secured legal counsel); Pl.'s Opp'n at 9 ("The Plaintiff's president prepared the Complaint and submitted the Complaint [o]n behalf of the company, despite having no legal training."). Accordingly, under these circumstances, the court declines to speculate or presume that amendment of the complaint, thus allowing it to be prepared by an attorney, would be futile.

Because none of the *Foman* factors require denial of plaintiff's motion to amend, the court gives RCFC 15(a)(2) a liberal construction and grants plaintiff's motion to amend. This result comports with the requirements of RCFC 15(a)(2) and avoids the injustice that would result were plaintiff precluded from having its case tried upon the merits simply because it began this lawsuit *pro se* and its complaint was prepared and filed by a lay person. The court wishes to afford plaintiff every opportunity to present its case. Nevertheless, the court makes no prediction as to whether an amended complaint filed by plaintiff will be able to overcome the RCFC 12(b)(6) hurdles set forth in defendant's motion to dismiss.

As plaintiff's amended complaint will supersede its original complaint, the court also denies as moot defendant's motion to dismiss plaintiff's original complaint. *See Terry v. United States*, 103 Fed. Cl. 645, 647 n.1 (2012) ("[A]n amended complaint normally supersedes a prior complaint." (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009))); *see also Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668-69 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying first motion to dismiss as moot after amended complaint was filed); *Mobil Pipe Line Co. v. United States*, 1 Cl. Ct. 784, 785 (1983) (denying a motion to dismiss as moot because an amended complaint was later filed, and offering defendant an opportunity to file a new dispositive motion). Defendant is free to file a motion to dismiss plaintiff's amended complaint, as permitted by the rules of this court, *see* RCFC 15(a)(3), if it deems it appropriate to do so after reviewing plaintiff's amended complaint.

Accordingly, it is hereby **ORDERED** that:

4

(1)     Plaintiff's Motion for Leave to File an Amended Complaint,
        contained within plaintiff's opposition to defendant's motion to
        dismiss (ECF No. 14), is **GRANTED**;

(2)     Defendant's Motion to Dismiss (ECF No. 13), filed on April 8, 2013,
        is **DENIED** as moot;

(3)     Plaintiff shall **FILE** its **Amended Complaint** as a separate docket
        entry on or before **August 12, 2013**.

(4)     Defendant shall **FILE** its **Answer or other response** to plaintiff's
        amended complaint on or before **September 3, 2013**.

                                        /s/Lynn J. Bush
                                        LYNN J. BUSH
                                        Judge